# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division − Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:22−mj−00456−DUTY All Defendants

Case title: USA v. Taylor

Date Filed: 06/23/2022

Other court case number: 22−mj−665 Eastern District of New York

Date Terminated: 06/24/2022

Assigned to: Duty Magistrate Judge

**Defendant (1)**

**Derrick Taylor**
*TERMINATED: 06/24/2022*

represented by **Samuel Owen Cross**
Federal Public Defenders Office
Southern Division
411 West Fourth Street, Suite 7110
Santa Ana, CA 92701
714−338−4500
Fax: 714−338−4520
Email: sam_cross@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**

represented by **US Attorney's Office**
AUSA − Office of US Attorney
411 W 4th Street Suite 8000
Santa Ana, CA 92701−4599
714−338−3500
Email: USACAC.SACriminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 06/23/2022 | 1 | AFFIDAVIT RE: OUT−OF−DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Derrick Taylor, originating in the Eastern Distri of New York. Defendant charged in violation of: 18:1512(c)(2) and 1001(a)(2). Signed by agent Edward Tam, FBI, Special Agent. filed by Plaintiff USA. (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Derrick Taylor; defendants Year of Birth: 1961; date of arrest: 6/23/2022 (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 3 | Defendant Derrick Taylor arrested on warrant issued by the USDC Eastern District of New York at Brooklyn. (Attachments: # 1 Out−of−District Complaint)(cio) (Entered: 06/24/2022) |
| 06/23/2022 | 4 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Derrick Taylor (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 5 | MINUTES OF ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Douglas F. McCormick as to Defendant Derrick Taylor. Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations;see General Order 21−02 (written order). Defendant arraigned and states true name is Attorney: Samuel Owen Cross for Derrick Taylor, Deputy Federal Public Defender, present. Court orders bail set as: Derrick Taylor (1) $25,000 Unsecured Appearance Bond, (SEE BOND ATTACHED). Court orders defendant held to answer to Eastern District of New York. Bond to Transfer. Defendant ordered to report on July 13, 2022, at the New York Eastern District, Brooklyn Courthouse. RELEASE ORDER NO: 41036. Case unsealed per unsealing order from New York Eastern District. Court Smart: CS 06/23/2022. (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 6 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Derrick Taylor. (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 7 | DECLARATION RE: PASSPORT filed by Defendant Derrick Taylor, declaring that my passport and any other travel documents are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case. (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 8 | FINANCIAL AFFIDAVIT filed as to Defendant Derrick Taylor. (Not for Public View pursuant to the E−Government Act of 2002) (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 9 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Derrick Taylor conditions of release: $25,000 Unsecured Appearance Bond (SEE BOND ATTACHED) approved by Magistrate Judge Douglas F. McCormick. (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 10 | WAIVER OF RIGHTS approved by Magistrate Judge Douglas F. McCormick as to Defendant Derrick Taylor. (cio) (Entered: 06/24/2022) |
| 06/23/2022 | 11 | PASSPORT RECEIPT from U. S. Pretrial Services as to Defendant Derrick Taylor. USA passport was received on 06/23/2022. (cio) (Entered: 06/24/2022) |
| 06/24/2022 | | Notice to Eastern District of New York of a Rule 5 or Rule 32 Initial Appearance as to Defendant Derrick Taylor. Your case number is: 22−mj−665. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text−only entries via the case number link. The following document link(s) is also provided: 5 Initial Appearance − Arrest on Out of District Warrant − Rule 5(c)(3) (fka Rule 40),,,, If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs−LA@cacd.uscourts.gov (cio) (Entered: 06/24/2022) |



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 2 3 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

PLAINTIFF(S)

v.

DERRICK TAYLOR

DEFENDANT(S).

CASE NUMBER  8:22-MJ-00456-DUTY

22-MJ-665

### DECLARATION RE
### OUT-OF-DISTRICT WARRANT

The above-named defendant was charged by: _UNITED STATES DISTRICT COURT_
in the _Eastern_ District of _New York_ on _06/22/2022_
at _6:45_ ☑ a.m. / ☐ p.m. The offense was allegedly committed on or about
in violation of Title _18_ U.S.C., Section(s) _1512(c)(2) and 1001(a)(2)_
to wit: _Obstruction & False statements_

A warrant for defendant's arrest was issued by: _Cheryl L. Pollak_

Bond of $ _____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach):

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _6/23/22_
　　　　　　Date

_____
Signature of Agent

_____
Print Name of Agent

_____FBI_____
Agency

_____Special Agent_____
Title

CR-52 (03/20)                    DECLARATION RE OUT-OF-DISTRICT WARRANT

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 23 2022

CENTRAL DISTRICT OF CALIFORNIA
BY DVE                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>DERRICK        TAYLOR<br>USMS# _____ | **CASE NUMBER:**<br>8:22-MJ-00456-DUTY<br><br>**REPORT COMMENCING CRIMINAL ACTION** |

PLAINTIFF

DEFENDANT

TO: CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed. Any area not applicable or unknown should indicate "N/A".

1. Date and time of arrest: 6/23/2022    6:45    ☑ AM  ☐ PM

2. The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding:  ☐ Yes  ☑ No

3. Defendant is in U.S. Marshals Service lock-up (in this court building):  ☑ Yes  ☐ No

4. Charges under which defendant has been booked:

   1001(a)(2), 1512(c)(1), 15

5. Offense charged is a:  ☑ Felony  ☐ Minor Offense  ☐ Petty Offense  ☐ Other Misdemeanor

6. Interpreter Required:  ☑ No  ☐ Yes  Language: _____

7. Year of Birth: 1961

8. Defendant has retained counsel:  ☑ No
   ☐ Yes  Name: _____  Phone Number: _____

9. Name of Pretrial Services Officer notified: Duty

10. Remarks (if any): _____

11. Name: Edward Tam    (please print)

12. Office Phone Number: 347-642-0295    13. Agency: FBI

14. Signature: _____    15. Date: 6/23/2022

CR-64 (05/18)          **REPORT COMMENCING CRIMINAL ACTION**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 2 3 2022

CENTRAL DISTRICT OF CALIFORNIA
BY **DVF** DEPUTY

| United States of America | |
|---|---|
| v. | ) |
| DERRICK TAYLOR | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant* | |

Case No.   22-MJ-665

8:22-MJ-00456-DUTY

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   DERRICK TAYLOR                                                                        ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment    ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ☑ Complaint
❏ Probation Violation Petition    ❏ Supervised Release Violation Petition    ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

Title 18, United States Code, Section 1512(c)(2) (obstruction of justice)
Title 18, United States Code, Section 1001(a)(2) (false statements)

Date:    06/22/2022

_____
*Issuing officer's signature*

*Cheryl L. Pollak*

City and state:    Brooklyn, New York

The Honorable Cheryl L. Pollak
*Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* 6/22/22 , and the person was arrested on *(date)* 6/23/22 at *(city and state)* Irvine CA . | |
| Date: 6/23/22 | _____ *Arresting officer's signature* Edward Tan *Printed name and title* |

TO: Clerk's Office
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

*********************************
UNITED STATES OF AMERICA
 - against -

DERRICK TAYLOR,
 Defendants.

22 MJ 665
Docket Number

*********************************

SUBMITTED BY: Plaintiff ___ Defendant ___ DOJ ✓
Name: Emily J. Dean
Firm Name: United States Attorney's Office - EDNY
Address:   271 Cadman Plaza East
           Brooklyn, New York 11201
Phone Number: 718-254-6120
E-Mail Address: Emily.Dean@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ___ NO ✓
If yes, state description of document to be entered on docket sheet:
_____

**MANDATORY CERTIFICATION OF SERVICE:**
A.) ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by
the following other statute or regulation: _____ ; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns.
(Check one)

June 22, 2022
DATE

_____
SIGNATURE

A) If pursuant to a prior Court Order:
Docket Number of Case in Which Entered: _____
Judge/Magistrate Judge: _____
Date Entered: _____

B) If a **new** application, the statute, regulation, or other legal basis that
authorizes filing under seal

Ongoing criminal investigation: risk of flight; safety of witnesses

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE,**
**AND MAY NOT BE UNSEALED UNLESS ORDERED BY**
**THE COURT.**

DATED:  Brooklyn _____, NEW YORK
        June 22, 2022     _Cheryl L. Pollak_

_____
**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE June 22, 2022 _____
                                          DATE

DMP:AAS/EJD
F. #2021R00184

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DERRICK TAYLOR,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**C O M P L A I N T**

(18 U.S.C. §§ 1001(a)(2), 1512(c)(1),
1512(c)(2))

No. 22-MJ-665

EASTERN DISTRICT OF NEW YORK, SS:

      EDWARD TAM, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      In or about April 2022, within the Eastern District of New York and elsewhere, the defendant DERRICK TAYLOR did knowingly, intentionally and corruptly attempt to obstruct, influence and impede an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

      (Title 18, United States Code, Section 1512(c)(2))



On or about April 11, 2022, within the Eastern District of New York and elsewhere, the defendant DERRICK TAYLOR did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the FBI, in that TAYLOR falsely stated and represented to FBI Special Agents that he had obtained U.S. passport information of one or more other persons through the "Black Dark Web."

(Title 18, United States Code, Section 1001(a)(2))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"). Since becoming a Special Agent, I have participated in numerous investigations into organized criminal activity, during which I have, among other things: (a) conducted physical and electronic surveillance, (b) reviewed search warrant returns, (c) reviewed and analyzed recorded conversations and records, and (d) debriefed cooperating witnesses and informants. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and reports of other law enforcement officers involved in the investigation.

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

**PROBABLE CAUSE**

I.   Introduction

2.   On March 9, 2022, the Honorable Marcia Henry, U.S. Magistrate Judge for the Eastern District of New York, authorized a criminal complaint (the "Transnational Repression Complaint") charging Fan "Frank" Liu, Matthew Ziburis, and Qiang "Jason" Sun with various crimes in connection with a transnational repression scheme targeting dissidents of the People's Republic of China (the "PRC") residing in the United States.   (See 22-MJ-257).   The Transnational Repression Complaint discusses, among other items, Liu, Ziburis, and Sun's efforts to target two PRC dissidents residing in the United States, who are referred to in the Transnational Repression Complaint as "Dissident 2" and "Dissident 3."

3.   This Affidavit pertains to attempts to obstruct an investigation into efforts to obtain personal identifying information of Dissident 2 and Dissident 3 through confidential law enforcement databases for use in the charged transnational repression scheme.

II.   The Defendants and the Coconspirators

4.   DERRICK TAYLOR is a retired federal agent with the U.S. Department of Homeland Security ("DHS") who is presently employed as a private investigator in Irvine, California.

6.      Coconspirator 1 ("CC-1") operated a private investigation firm in Orange County, California.

7.      Coconspirator 2 ("CC-2") is a recently retired Deportations Officer with the DHS Enforcement and Removal Operations who was stationed in the Los Angeles, California, metropolitan area.   He resides in Long Beach, California.

III.    Background

    A.      The Improper Queries of Law Enforcement Databases

8.      The investigation has revealed that coconspirators described in the Transnational Repression Complaint, including Liu, tasked CC-1 with obtaining personal identifying information of Dissident 2 and Dissident 3, and that CC-1, in turn, retained TAYLOR to obtain the information.   TAYLOR requested that CC-2 provide him with information about Dissident 2, and then TAYLOR passed information from CC-2 to CC-1. After CC-2 declined to assist TAYLOR further, TAYLOR obtained information about Dissident 3 from ▆▆▆▆ and passed information from ▆▆▆▆ to CC-1.

9.      Both ▆▆▆▆ and CC-2 accessed the U.S. Citizenship and Immigration Services ("U.S.C.I.S") Person Centric Query Services ("PCQS") database to query information for TAYLOR.   PCQS enables users to submit a single query to view all incidents involving an immigrant or non-immigrant across a variety of DHS and external agency databases.   PCQS produces a consolidated dataset of an individual's interactions with the DHS and other government agencies as they interact with the U.S. immigration system.   The PCQS database is marked "For Official Use Only."   When a user attempts to access PCQS, the user is warned that "Unauthorized or improper use or access of this system may result in

disciplinary action, as well as civil and criminal penalties." TAYLOR was not a member of law enforcement when he sent or received the photographs of PCQS described herein.

*Dissident 2*

10.     The investigation has uncovered electronic communications in which CC-1 tasked TAYLOR with obtaining information about Dissident 2 for Liu, and then TAYLOR obtained the information from CC-2.

11.     In a text conversation on or about July 16, 2021, TAYLOR and CC-1 discussed the cost for obtaining the "immigration status, [and] u.s. custom information" for Dissident 2.   CC-1 then wrote Dissident 2's name and date of birth and indicated CC-1's email account would serve as CC-1's contact information for TAYLOR.

12.     In a text message on or about July 13, 2021, TAYLOR asked CC-2, "Is there a quick way that I can check if some guy[']s departed to China?"   In a text exchange on or about July 16, 2021, TAYLOR then provided CC-2 with Dissident 2's name and date of birth and asked for Dissident 2's "status and passport departure."   The same day, CC-2 responded, "He was admitted into the US until 11/26/2021 with a B2 Visa."   TAYLOR responded, "Thank you brother!  Do you smoke cigars or what's your favorite tequila[?]" CC-2 responded, "I'm good, bro."[2]

13.     On or about July 19, 2021, TAYLOR emailed CC-1 what appears to be a photograph of a computer screen containing immigration records for Dissident 2.   The screenshot appears to be of a PCQS database query for Dissident 2's border crossings.   In the

---

[2] In an interview with FBI agents on or about June 17, 2022, CC-2 claimed that TAYLOR only provided names to CC-2 that were potential leads for CC-2's new immigration cases.

email, TAYLOR wrote, "He was admitted into the U.S. on a B-2 Visa, which is still valid until 11/26/2021."

14.     In a subsequent text on July 19, 2021, CC-1 asked TAYLOR to explain the meaning of several acronyms in the screenshot and asked TAYLOR for "his immigration custom pictures like last time," apparently referring to a prior instance in which TAYLOR provided information to CC-1.[3]

15.     On July 19, 2021, TAYLOR asked CC-2 in a text message, "[C]an you provide me a pic of the guy, last sent? I have one more will sent info later."   The next day, CC-2 responded, "Hey Derrick, I don't think I could assist you anymore cause We're only focusing on Agg Fel during this administration.   Any cases not in that category I might get burn for it. Sorry bro."   Based on my training and experience, I assess that the reference to "focusing on Agg Fel during this administration" refers to efforts by the DHS to prioritize enforcement efforts against those who have committed aggravated felonies and suggests that the queries requested by TAYLOR would subject CC-2 to internal scrutiny at DHS.   After TAYLOR asked for another contact who could help with the inquiry, CC-2 responded, "I wish I could assist more but again I'm too close to retire. Yeah I don't have anyone at this time. Sorry bro."   As noted above, CC-2 recently retired as a DHS agent, and I assess that the

messages summarized above reflect CC-2's understanding that he was engaging in improper conduct by accessing law enforcement databases on behalf of TAYLOR ("Any cases not in that category I might get burn for it.") ("I wish I could assist more but again I'm too close to retire.").

16.     It appears that TAYLOR received information about Dissident 2 from CC-2's access to the PCQS database.  Metadata of other photos from TAYLOR's iCloud account reflect a URL for PCQS photographed from a location that matches CC-2's residence at the time.

### Dissident 3

17.     The investigation has uncovered electronic communications in which TAYLOR and CC-1 discussed CC-1's request for and receipt from TAYLOR of personal identifying information of Dissident 3 and Dissident 3's daughter (the "Daughter").

18.     In a text string from October and November 2021, CC-1 asked for and received from TAYLOR passport photos for Dissident 3 and the Daughter.   In the text string, CC-1 and TAYLOR engaged in a dispute over when CC-1 should submit payment—upon receipt of the photos or prior to receipt of the photos.   Ultimately, CC-1 paid TAYLOR after receiving the passport photos.   In pertinent part, CC-1 and TAYLOR engaged in the following communications:

| DATE | FROM | COMMUNICATION |
|------|------|---------------|
| 10/27/2021 | CC-1 | Can you get someone passport pictures? |
| 11/10/2021 | CC-1 | A client is willing to pay $800 for two passports numbers. Please let me know if you can help. |
| 11/10/2021 | TAYLOR | What are the full names and information |
| 11/10/2021 | CC-1 | [Provides names and dates of birth of Dissident 3 and Dissident 3's daughter] |
| 11/11/2021 | CC-1 | Client confirmed. Monday is OK. Thanks. |
| 11/12/2021 | CC-1 | Derek, client is willing to pay more if you can get them today.<br>if not, Monday is okay. |
| 11/13/2021 | CC-1 | Please let me know if you can find owner name address |
| 11/13/2021 | TAYLOR | I am with a client, so I will attempt later today<br>What do you want this info for? |
| 11/13/2021 | CC-1 | Locate |
| 11/13/2021 | TAYLOR | What for? |
| 11/13/2021 | CC-1 | Debt collection |
| 11/15/2021 | TAYLOR | Call me when you get a chance |
| 11/15/2021 | CC-1 | [Provides names and dates of birth of Dissident 3 and the Daughter]<br>Same address<br>Father daughter |
| 11/15/2021 | TAYLOR | These date of births do not match in the system!<br>So, understand that<br>It will be tomorrow! The name is different |
| 11/15/2021 | CC-1 | [] is his Chinese name |
| 11/16/2021 | TAYLOR | All documents are ready! |

19.     DHS records reflect that, on November 16, 2021, ███████ ran queries through one or more restricted government databases in the names of Dissident 3 and the Daughter.

20.     Toll records reveal numerous text communications sent between ███████'s cell phone and a phone used by TAYLOR during that period.   For example, there were approximately 70 messages on November 10, 2021, 5 messages on November 14, 2021, 14 messages on November 15, 2021, 195 messages on November 16, 2021, and 29 messages on November 19, 2021.   The timing of these communications correlates with communications

between CC-1 and TAYLOR in which CC-1 asked for the passport information of Dissident

3 and the Daughter, and TAYLOR provided the information to CC-1.

21.     As TAYLOR conveyed the requested information regarding Dissident 3

and the Daughter to CC-1 on November 17, 2021, I assess that the text communications

referenced above between TAYLOR and ████████ from November 2021 pertained to

████████ efforts to obtain information regarding Dissident 3 and Dissident 3's daughter for

TAYLOR through a restricted government database.

B.     TAYLOR's Communications with CC-1

22.     Following the conduct set forth above, CC-1 was approached by law

enforcement and agreed in April 2022 to make consensually recorded calls to TAYLOR.   On

April 7, 2022, while acting under the supervision of law enforcement agents, CC-1 participated

in two recorded phone calls with TAYLOR, during which CC-1 stated, in sum and substance,

that he had received a subpoena from the U.S. Attorney's Office for the Eastern District of

New York that requested CC-1 to appear in Brooklyn, New York and provide documents and

information related to passport materials obtained for Dissident 3 and the Daughter.[4]   These

calls were initiated after CC-1 sent a text message to TAYLOR asking to speak.

23.     During these recorded calls, CC-1 asked TAYLOR what he should do.

TAYLOR informed CC-1, in sum and substance, that he should not provide the documents

related to the passport information that TAYLOR had provided to CC-1 and that CC-1 should

not tell anyone that CC-1 and TAYLOR were involved in obtaining the passport information

for Dissident 3 and the Daughter.   In the same telephone calls, TAYLOR repeatedly told CC-

---

[4]     CC-1 was not actually served with a subpoena but, rather, was making these
statements to TAYLOR at the direction of law enforcement.

1, in sum and substance, that TAYLOR could not advise CC-1 or tell CC-1 what to do and that CC-1 should determine for himself how to respond to the subpoena.   Additionally, TAYLOR acknowledged that he had illegally received the records for Dissident 3 and the Daughter from an "ICE" (i.e., DHS's Immigration and Customs Enforcement) employee.

24.     During the first call, TAYLOR seemed to grow suspicious of CC-1, asking CC-1 "do you got me on recorder or something?"   TAYLOR then suggested to CC-1 that he had only agreed to procure the information about Dissident 3 and the Daughter because of his understanding that it pertained to debt collection.   In the second call, TAYLOR suggested to CC-1 that he had agreed to procure the information about the Daughter solely because of CC-1's purported request to assist in a missing child investigation.   CC-1 denied to TAYLOR ever suggesting that the request pertained to a missing child investigation.

25.     TAYLOR attempted to obstruct the government's investigation by advising CC-1 not to provide documents to law enforcement, by suggesting to CC-1 false reasons why TAYLOR had agreed to procure information for CC-1, and as set forth below, by falsely stating to law enforcement officers where he had obtained the information about Dissident 3 and the Daughter.

C.     The Law Enforcement Interviews

26.     On April 11, 2022, FBI agents approached TAYLOR in Irvine, California.   When the agents administered the candor warning to TAYLOR, they stated in sum and substance that they knew that TAYLOR understood, as a former federal agent, that TAYLOR had to be truthful during the interview with the agents because lying to a federal agent was a crime.   TAYLOR acknowledged that he understood.   He then indicated, in sum and substance and in part, that he had obtained the passport information about Dissident 3 and

11

the Daughter that he had provided to CC-1 from a contact who had reportedly found it on the "Black Dark Web."   I assess that TAYLOR was likely referencing the "Dark Web," the World Wide Web content that exists on darknets, that is, overlay networks that use the Internet but require specific software, configurations, or authorization to access.   TAYLOR further indicated that he would not provide the name of his contact.   TAYLOR then acknowledged speaking during the previous week with CC-1 about the passport information at issue. TAYLOR claimed to FBI agents that CC-1 had indicated that the subpoena served upon CC-1 related to a gang in New York.   TAYLOR asked whether the agents were from New York. TAYLOR's statement that he had obtained the passport information about Dissident 3 and the Daughter from a contact who found it on the "Black Dark Web" was false, as TAYLOR received the information from ████████ through ████████ access to a restricted government database.









WHEREFORE, your deponent respectfully requests that the defendants

and DERRICK TAYLOR be dealt with according to law.

EDWARD TAM
Special Agent
Federal Bureau of Investigation

Sworn to before me this
22nd day of June, 2022

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

TRACY L. WILKISON
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
     United States Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3531
     Facsimile: (714) 338-3708
     E-mail:  kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

JUN 23 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>DERRICK TAYLOR,<br><br>       Defendants. | No. 8:22-MJ-00456-DUTY<br><br>GOVERNMENT'S NOTICE OF<br>REQUEST FOR DETENTION |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a.    present offense committed while defendant was on release pending (felony trial),

    ☐ b.    defendant is an alien not lawfully admitted for permanent residence; and

    ☐ c.    defendant may flee; or

    ☐ d.    pose a danger to another or the community.

1    ☒  2.   Pretrial Detention Requested (§ 3142(e)) because no

2         condition or combination of conditions will reasonably

3         assure:

4       ☒  a.   the appearance of the defendant as required;

5       ☒  b.   safety of any other person and the community.

6    ☐  3.   Detention Requested Pending Supervised Release/Probation

7         Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

8         § 3143(a)):

9       ☐  a.   defendant cannot establish by clear and convincing

10            evidence that he/she will not pose a danger to any

11            other person or to the community;

12      ☐  b.   defendant cannot establish by clear and convincing

13            evidence that he/she will not flee.

14   ☐  4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

15        § 3142(e)):

16      ☐  a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

17            (46 U.S.C. App. 1901 et seq.) offense with 10-year or

18            greater maximum penalty (presumption of danger to

19            community and flight risk);

20      ☐  b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

21            2332b(g)(5)(B) with 10-year or greater maximum penalty

22            (presumption of danger to community and flight risk);

23      ☐  c.   offense involving a minor victim under 18 U.S.C.

24            §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

25            2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

26            2260, 2421, 2422, 2423 or 2425 (presumption of danger

27            to community and flight risk);

28

2

☐　d.　defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒　5.　Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐　a.　a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐　b.　an offense for which maximum sentence is life imprisonment or death;

☐　c.　Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐　d.　any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

1    ☐   e.   any felony not otherwise a crime of violence that

2                involves a minor victim or the possession or use of a

3                firearm or destructive device (as defined in 18 U.S.C.

4                § 921), or any other dangerous weapon, or involves a

5                failure to register under 18 U.S.C. § 2250;

6    ☒   f.   serious risk defendant will flee;

7    ☒   g.   serious risk defendant will (obstruct or attempt to

8                obstruct justice) or (threaten, injure, or intimidate

9                prospective witness or juror, or attempt to do so).

10   ☐  6.  Government requests continuance of _____ days for detention

11         hearing under § 3142(f) and based upon the following

12         reason(s):

13

14   _____

15   _____

16   _____

17 // _____

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26

27

28

☐   7.   Good cause for continuance in excess of three days exists in
         that:

         _____

         _____

         _____

         _____

Dated: June 23, 2022              Respectfully submitted,

                                  TRACY L. WILKISON
                                  United States Attorney

                                  BENJAMIN R. BARRON
                                  Assistant United States Attorney
                                  Chief, Santa Ana Branch Office


                                      /s/ Kristin N. Spencer
                                  _____
                                  KRISTIN N. SPENCER
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | Southern Division | |
| Plaintiff, | | |
| vs. | Case # : 8:22-MJ-00456 | Out of District |
| | Initial App. Date: 06/23/2022 | Affidavit |
| Derrick Taylor | Time: 2:00 PM | Custody |
| | | |
| Defendant. | Date Filed: 06/23/2022 | |
| | Violation: 18 USC 1512(c)(2) | |
| | CourtSmart/Reporter: CS 06/23/2022 | |

| | |
|---|---|
| **PROCEEDINGS HELD BEFORE UNITED STATES** | **CALENDAR/PROCEEDINGS SHEET** |
| **MAGISTRATE JUDGE: Douglas F. McCormick** | **LOCAL/OUT-OF-DISTRICT CASE** |

**PRESENT:**

| Nancy K. Boehme | Kristin Spencer | / None |
|---|---|---|
| --------------------------- | ----------------------------- | ------------------------------------------ |
| *Deputy Clerk* | *Assistant U.S. Attorney* | *Interpreter/Language* |

☑ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and ☑ preliminary hearing

☑ Defendant advised of consequences of false statement in financial affidavit.

☑ Attorney: Sam Cross and ☑ DFPD, and ☑ Appointed, and ☑ Poss. Contribution (see separate order).

☑ Government's request for detention is: WITHDRAWN.

☑ BAIL FIXED AT $25,000 **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS.)**

☑ Defendant executed Waiver of Rights.

☑ Court ORDERS defendant Held to Answer to Eastern District of New York
☑ Bond to transfer, if bail is posted. Defendant to report on or before July 13, 2022, at the New York Eastern District, Brooklyn Courthouse
☑ RELEASE ORDER NO: 41036

☑ Other: Case unsealed per unsealing order from New York Eastern District.

Deputy Clerk Initials: nb
00 : 10

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**          Case No. **8:22-MJ-00456**

■ Defendant   ☐ Material Witness

Violation of Title and Section: **18:1001(a)(2); 18:1512(c)(1),(c)(2)**

☐ Summons   ■ Out of District   ☐ **UNDER SEAL**   ☐ Modified Date: _____

Check *only* one of the five numbered boxes below (unless one bond is to be replaced by another):

1. ☐ Personal Recognizance (*Signature Only*)

2. ☒ Unsecured Appearance Bond
   $ 25,000

3. ☐ Appearance Bond
   $ _____

   (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*)

   (b). ☐ Affidavit of Surety Without
       Justification (*Form CR-4*) Signed by:
       _____
       _____
       _____
       _____
       _____
       _____

   (c). ☐ Affidavit of Surety With Justification
       (*Form CR-3*) Signed by:
       _____
       _____
       _____

       ☐ With Full Deeding of Property:
       _____
       _____
       _____
       _____
       _____

4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*):
   $ _____

5. ☐ Corporate Surety Bond in the Amount of:
   $ _____

Release No. **41036**

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
☐ Forthwith Release

☐ All Conditions of Bond
   (*Except Clearing-Warrants Condition*) Must be Met and Posted by:
   _____

☐ Third-Party Custody
   Affidavit (*Form CR-31*)

■ Bail Fixed by Court:
   DFM / nb
   (*Judge / Clerk's Initials*)

## PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a Nebbia hearing under § 3142 (g)(4).

☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☒ Submit to: ☒ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
(***The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."***)

☒ Surrender all passports and travel documents to Supervising Agency no later than 48 HOURS OF RELEASE, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☐ Travel is restricted to _____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☒ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☒ Maintain or actively seek employment and provide proof to Supervising Agency. ☒ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _D.T_   Date: _6/23/22_

**Case Name:** United States of America v. DERRICK JEROME TAYLOR     **Case No.** 8:22-MJ-00456

■ Defendant    ☐ Material Witness

☒ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ _____ ; ☐ except _____

☒ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present: _____

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**Location Monitoring Technology**

☐ Location Monitoring technology at the discretion of the Supervising Agency

**or**

Defendant's Initials: D⊤    Date: 6/23/22

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**      Case No. 8:22-MJ-00456

☑ Defendant      ☐ Material Witness

☐ Location Monitoring **with** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Radio Frequency (RF) **or**

    ☐ Global Positioning System (GPS)

    ☐ Release to the Supervising Agency only **or**      ☐ Placement of bracelet within 24 hours of release

**or**

☐ Location Monitoring **without** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Virtual/Biometric **or**

    ☐ Voice Recognition

**Restrictions**

☐ Location Monitoring only - no residential restrictions

☐ Curfew - You are restricted to your residence every day:

    ☐ from _____ to _____

    ☐ as directed by Supervising Agency

☐ Home Detention - You are restricted to your residence at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency

☐ Home Incarceration - You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances and obligations, and _____, all of which must be preapproved by the Supervising Agency

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

Defendant's Initials: _____      Date: 6/23/22

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**     Case No.   8:22-MJ-00456

☒ Defendant     ☐ Material Witness

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _DT_     Date: _6/23/22_

Case Name: United States of America v. **DERRICK JEROME TAYLOR**        Case No. 8:22-MJ-00456

☑ Defendant   ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

6/23/22

_Date_

_Signature of Defendant / Material Witness_

(949) 422-5617

_Telephone Number_

Irvine, Ca 92612

_City and State (DO NOT INCLUDE ZIP CODE)_

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____

_Interpreter's Signature_        _Date_

Approved: _____

_United States District Judge / Magistrate Judge_        _Date_

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _DT_   Date: 6/23/22

SAM CROSS (Bar No. 304718)
(E Mail: Sam_Cross@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520



FILED
CLERK, U.S. DISTRICT COURT

**JUN 23 2022**

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>DEREK TAYLOR<br><br>Defendant. | CASE NUMBER:<br>8:22-mj-00456-DUTY<br><br>**ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS** |

You are in the United States District Court for the Central District of California because you have been charged with a crime against the United States or a violation of probation, supervised release, or pretrial release. The Court informs you that you have the following constitutional and statutory rights in connection with these proceedings:

You have the right to remain silent. Anything you say, sign, or write can be used against you in this or in any other case.

If you have not already received a copy of the charges, you will receive a copy today.

You have the right to hire and be represented by a lawyer of your choosing at each and every stage of these proceedings. If you cannot afford to hire a lawyer, you can apply to the Court to have a lawyer appointed to represent you for free from the office of the Federal Public Defender or the Indigent Defense Panel. The application for free counsel includes a financial affidavit, which you must sign under penalty of perjury. If you say something on the form that is not true or leave out material information, you could be charged with another crime, such as perjury or making a false statement.

If you are not a United States citizen, you may request that the prosecution notify your consular office that you have been arrested. Even without such a request, the law may require the prosecution to do so.

### IF YOU ARE MAKING YOUR INITIAL APPEARANCE BEFORE THE COURT

You have a right to a bail hearing in which the Magistrate Judge will determine whether you will be released from custody before trial. If you disagree with the Magistrate Judge's decision, you can appeal that decision to another Judge of this Court. You or the prosecutor can request that the bail hearing be continued to another day.

If you have been charged by complaint, you are entitled to a preliminary hearing within 14 days if the Magistrate Judge orders that you be detained pending trial, or 21 days if the Magistrate Judge orders that you be released pending trial. In a preliminary hearing, the prosecution will attempt to show that there is probable cause to believe that you committed the crime charged in the complaint. You will not be entitled to a preliminary hearing, however, if the prosecution obtains an indictment in your case before the time set for the preliminary hearing. (Most often, the prosecutors in the Central District of California present their cases to the grand jury before the time set for the preliminary hearing and, therefore, no preliminary hearing is held.)

### IF YOU ARE CHARGED WITH A VIOLATION OF
### YOUR CONDITIONS OF SUPERVISED RELEASE OR PROBATION

If you are charged with a violation of the terms and conditions of your supervised release or probation and the Magistrate Judge detains you, you have the right to a preliminary hearing before a Magistrate Judge.

---

*continued on Page 2*

### IF YOU ARE CHARGED IN ANOTHER DISTRICT

If you have been arrested on a charge from another district, you are entitled to wait until the prosecution produces a copy of the warrant authorizing your arrest. You are also entitled to an identity hearing in which the prosecution would have the burden of proving there is probable cause to believe that you are the person named in the charges. If you are charged in a complaint from another district, you may request to have a preliminary hearing held in the charging district. If you are charged with a violation of a term of supervised release or probation imposed in another district, you have a right to a preliminary hearing, which may, depending on where the alleged violation occurred, be held either here or in the charging district.

If you want to plead guilty in the Central District of California, you may request to have your case transferred to this district. To proceed in this district, the United States Attorneys for this district and the charging district must agree to the transfer.

### IF YOU ARE APPEARING FOR ARRAIGNMENT

If you have been charged by indictment or information, you will be arraigned and may be asked to enter a not guilty plea today. After your arraignment, your case will be assigned to a District Judge of this Court for all further proceedings, unless a Judge has already been assigned.

You are entitled to a speedy and public trial by jury. The right to a jury trial can be waived.

You are entitled to see and hear the evidence and cross-examine the witnesses against you. You are entitled to the processes of the Court to subpoena witnesses on your behalf without cost to you if you are indigent. You do not have to prove your innocence. The prosecution has the burden to prove your guilt beyond a reasonable doubt.

---

**ACKNOWLEDGMENT OF DEFENDANT:**

I have read the above Advisement of Rights and understand it. I do not require a translation of this statement nor do I require an interpreter for court proceedings.

Dated: __6/23/22__                           _____
                                                          *Signature of Defendant*

**[or]**

I have personally heard a translation in the _____ language read to me and understand the above Advisement of Rights.

Dated: _____                    _____
                                                          *Signature of Defendant*

---

**STATEMENT OF THE INTERPRETER:**

I have translated this Advisement of Rights to the Defendant in the _____ language.

Dated: _____                    _____
                                                          *Signature of Interpreter*

                                                      _____
                                                          *Print Name of Interpreter*

---

**STATEMENT OF COUNSEL:**

I am satisfied that the defendant has read this Advisement of Rights or has heard the interpretation thereof and that he/she understands it.

Dated: __6/23/22__                           _____
                                                          *Signature of Attorney*



FILED
CLERK, U.S. DISTRICT COURT

JUN 23 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF | 22-mj-665 |
| v. Derrick Taylor | |
| | **DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS** |
| DEFENDANT. | |

I, Derrick Taylor _____, declare that

*(Defendant/Material Witness)*

☐ I have never been issued any passport or other travel document by any country. I will not apply for a passport or other travel document during the pendency of this case.

☐ I have been issued a passport or other travel document(s). I will surrender my passport and all other travel document(s) issued to me to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case.

☐ I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

☒ My passport and all other travel documents issued to me are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of June, 20 22
at _____

*(City and State)*

_____
*Signature of Defendant/Material Witness*

If the declarant is not an English speaker, include the following:

I, _____, am fluent in written and spoken English and _____
languages. I accurately translated this form from English into _____
to declarant _____ on this date.

Date: _____     _____
                                          *Interpreter*

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**     Case No.  8:22-MJ-00456

■ Defendant ☐ Material Witness

Violation of Title and Section: **18:1001(a)(2); 18:1512(c)(1),(c)(2)**

☐ Summons   ■ Out of District   ☐ **UNDER SEAL**   ☐ Modified Date: _____

| *Check only one of the five numbered boxes below (unless one bond is to be replaced by another):* | | |
|---|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*)<br><br>2. ☒ Unsecured Appearance Bond<br>   $ 25,000<br><br>3. ☐ Appearance Bond<br>   $ _____<br><br>(a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*)<br><br>(b). ☐ Affidavit of Surety Without<br>   Justification (*Form CR-4*) Signed by:<br>_____<br>_____<br>_____<br>_____<br>_____ | (c). ☐ Affidavit of Surety With Justification<br>   (*Form CR-3*) Signed by:<br>_____<br>_____<br>_____<br><br>☐ With Full Deeding of Property:<br>_____<br>_____<br>_____<br>_____<br>_____<br><br>4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*):<br>   $ _____<br>5. ☐ Corporate Surety Bond in the Amount of:<br>   $ _____ | Release No.<br>**41036**<br><br>☐ **Release to Pretrial ONLY**<br>☐ **Release to Probation ONLY**<br>☐ Forthwith Release<br>_____<br><br>☐ All Conditions of Bond<br>   (*Except Clearing-Warrants Condition*) Must be Met and Posted by:<br>_____<br><br>☐ Third-Party Custody<br>   Affidavit (*Form CR-31*)<br><br>■ Bail Fixed by Court:<br>   DFM / nb<br>   (*Judge / Clerk's Initials*) |

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☒ Submit to: ☒ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
   (*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)

☒ Surrender all passports and travel documents to Supervising Agency no later than 48 HOURS OF RELEASE, sign a Declaration
   re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency
   of this case.

☐ Travel is restricted to _____ unless prior permission is granted by Supervising
   Agency to travel to a specific other location.  Court permission is required for international travel.

☒ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☒ Maintain or actively seek employment and provide proof to Supervising Agency. ☒ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: DT     Date: 6/23/22

Case Name: United States of America v. DERRICK JEROME TAYLOR _____ Case No. 8:22-MJ-00456

■ Defendant   ☐ Material Witness

☒ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except _____

☒ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

_____

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**Location Monitoring Technology**

☐ Location Monitoring technology at the discretion of the Supervising Agency

**or**

Defendant's Initials: DJT   Date: 6/23/22

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**          Case No. 8:22-MJ-00456

☑ Defendant          ☐ Material Witness

☐ Location Monitoring **with** a bracelet

☐ at the discretion of the Supervising Agency **or**

☐ Radio Frequency (RF) **or**

☐ Global Positioning System (GPS)

☐ Release to the Supervising Agency only **or**          ☐ Placement of bracelet within 24 hours of release

**or**

☐ Location Monitoring **without** a bracelet

☐ at the discretion of the Supervising Agency **or**

☐ Virtual/Biometric **or**

☐ Voice Recognition

**Restrictions**

☐ Location Monitoring only - no residential restrictions

☐ Curfew - You are restricted to your residence every day:

☐ from _____ to _____

☐ as directed by Supervising Agency

☐ Home Detention - You are restricted to your residence at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency

☐ Home Incarceration - You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances and obligations, and _____, all of which must be preapproved by the Supervising Agency

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

Defendant's Initials: _DT_   Date: 6/23/22

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**          Case No.  8:22-MJ-00456

☒ Defendant          ☐ Material Witness

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _DT_          Date: _6/23/22_

**Case Name:** United States of America v. **DERRICK JEROME TAYLOR**                    Case No.  8:22-MJ-00456

■ Defendant        ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_6/23/22_                        _____                    _(949) 422-5617_
Date                          Signature of Defendant / Material Witness              Telephone Number

_Irvine, Ca 92612_
City and State (**DO NOT INCLUDE ZIP CODE**)


☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form
and have been told by the defendant that he or she understands all of it.


_____                                          _____
Interpreter's Signature                                                  Date

Approved: ___DOUGLAS F. McCORMICK___                          _6-23-22_
United States District Judge / Magistrate Judge                        Date

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)


Defendant's Initials: _DT_   Date: _6/23/22_

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT

JUN 23 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA,

PLAINTIFF

v.

DEREK TAYLOR

DEFENDANT.

CASE NUMBER:

8:22-mj-00456-Duty

**WAIVER OF RIGHTS**
**(OUT OF DISTRICT CASES)**

I understand that charges are pending in the <u>Eastern</u> District of <u>New York</u> alleging violation of <u>18 USC 1001   18 USC 1512</u> and that I have been arrested in this district and

*(Title and Section / Probation / Supervised Release)*

taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)     have an identity hearing to determine whether I am the person named in the charges;

(2)     arrival of process;

*-Check one only-*

☒     **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**

(3)     have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4)     request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☐     **PROBATION OR SUPERVISED RELEASE CASES:**

(3)     have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:**

☒     have an identity hearing

☒     arrival of process

☐     have a preliminary hearing

☐     have an identity hearing, and I have been informed that I have no right to a preliminary hearing

☒     have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.

_____
Defendant

_____
Defense Counsel

Date: ____6/23/22____

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter(if required)

M-14 (09/09)                    WAIVER OF RIGHTS (OUT OF DISTRICT CASES)

*United States Probation & Pretrial Services*

United States District Court
Central District of California



Kiry K. Gray
District Court Executive / Clerk of Court

Jeffrey Thomason
Acting Chief Probation & Pretrial Services Officer

PACTS No: 8094213

*passport # 580924435*

**Passport Receipt**

| | |
|---|---|
| Defendant Name: | Derrick Jerome Taylor |
| Name on passport, if different: | N/A |
| Country of Origin: | USA |
| Date passport issued: | 2/27/2018 |
| Expiration date of passport: | 2/26/2028 |

**F I L E D**
CLERK, U.S. DISTRICT COURT

06/23/2022

CENTRAL DISTRICT OF CALIFORNIA
BY:        DVE        DEPUTY

Ordered by court in the Central District of California or

Docket Number:        8:22M00456-001

Surrendered By

Date *6/23/2022*

Received By

Date *6/23/2022*

Returned To

Date

Returned By

Date

Purpose Returned

Address (if mailed)